[854 NYS2d 510]

In the Matter of TERRENCE P. TORMEY (Admitted as TERRENCE PATRICK TORMEY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 25, 2008

## APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Terrence P. Tormey*, Brick, New Jersey, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

By order of the Supreme Court of New Jersey dated May 9, 2007 (190 NJ 578, 921 A2d 1065 [2007]), the respondent was suspended from the practice of law for a period of two years, effective June 11, 2007, for violating New Jersey Rules of Professional Conduct (hereinafter RPC) 1.1 (a) (gross neglect), RPC 1.3 (lack of diligence), RPC 1.4 (b) (failure to communicate with client), RPC 1.7 (a) and (b) (conflict of interest), RPC 1.15 (a) (failure to safeguard funds), and RPC 8.4 (c) (conduct involving dishonesty, fraud, deceit and misrepresentation).

The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3 informing him of his right to assert, within 20 days, any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c). The Grievance Committee also apprised the respondent of his right to demand a hearing at which consideration would be given to any defense enumerated.

The respondent was admitted to the New Jersey bar in 1988 and has no prior disciplinary history.

The charges against the respondent arose out of his representation of an elderly man, Dennis Rafael, a Portuguese national with limited understanding of the English language, now deceased, in the sale of his home to another client of the respondent, John McShane, with whom the respondent also maintained a friendship and a business relationship. While the contract of sale, which was prepared by the respondent, provided that Rafael would hold a mortgage from McShane, no mortgage was executed or recorded at closing. The respondent ultimately paid the sum of $25,000 in settlement of a civil action brought on Rafael's behalf. Otherwise, Rafael received no money from the sale of his home to McShane. The events complained of occurred during the period from October 1995 to January 1997.

On August 16, 2003, the Office of Attorney Ethics (hereinafter the OAE) issued a three-count complaint charging the respondent with a violation of RPC 1.7 (a) and (b), RPC 1.15 (a), and RPC 8.4 (c). The complaint was subsequently amended to include violations of RPC 1.1 (a), RPC 1.3, and RPC 1.4 (a).

On May 16, 2006, the parties appeared before a Special Master and placed on the record stipulated facts and violations. The re-

spondent did *not* stipulate to violations of RPC 1.15 (a) and RPC 8.4 (c).

Various mitigation facts were included in the stipulation, such as: the serious injuries of the respondent's wife which began in 1995 and continued into 1996 and 1997, leaving her disabled; the drug addiction of two of the respondent's sons; the respondent's injury in 2000 when he fell from a roof; and the respondent's various services provided to Rafael free of charge. The respondent claimed that the problems he was experiencing at home overwhelmed him, causing him to give less time and less scrutiny to his representation of Rafael.

The Special Master recommended an 18-month suspension based on the following: (1) the respondent's misconduct was not egregious enough to warrant disbarment, (2) he had "difficult personal and family situations," and (3) he "own[ed] up to his mistakes."

The Disciplinary Review Board (hereinafter DRB) conducted an independent review of the stipulated facts. At oral argument, in response to the question of whether the OAE, by entering into the stipulation, intended to abandon the RPC 8.4 (c) charge, the OAE replied in the negative. The DRB noted that the parties in their briefs and at oral argument provided significant details in explanation of the multitude of questions raised by the stipulation, but since most of those details were not part of the stipulation, the DRB determined, therefore, that it could not consider those facts.

Contrary to the stipulation, the DRB found that the respondent's conduct was not the result of gross negligence but, rather, the product of intent, concluding that the respondent violated RPC 1.1 (a), RPC 1.3, RPC 1.4 (b), RPC 1.7 (a) and (b), RPC 1.15 (a), and RPC 8.4 (c), and recommended the imposition of a two-year suspension.

By order dated May 9, 2007, the Supreme Court of New Jersey suspended the respondent from the practice of law for a period of two years.

In opposition to the Grievance Committee's motion for the imposition of reciprocal discipline, the respondent raises the defenses enumerated in 22 NYCRR 691.3 (c), but does not request a hearing.

The respondent submits that he was denied a full and fair opportunity to be heard inasmuch as he had agreed to stipulate to certain facts and violations, forgoing a hearing in

exchange for dismissal/withdrawal/abandonment of the charges of violating RPC 1.15 and RPC 8.4 (c). This agreement, he states, was the product of intense negotiations. The respondent avers that "[a]bsent such an agreement [he] never would have entered into the Stipulation of Facts." Yet, although it had no quarrel with the Special Master's findings or recommendation, the OAE, when questioned by the DRB, stated that it had not abandoned the RPC 8.4 (c) charge. By refusing to affirmatively state that the RPC 8.4 (c) charge had been abandoned, the respondent argues that the OAE robbed him of the benefit of his bargain. To make matters worse, when asked to explain his actions to the DRB at oral argument, the respondent provided many details and information beyond the stipulated facts in an attempt to explain his actions. However, because this information was "not part of the record," the DRB refused to consider it.

The respondent further submits that he was denied due process on the additional ground that the OAE delayed filing a complaint for eight years during which time Mr. Rafael died, thus depriving him of a principal witness who could have exonerated him, not to mention other witnesses whose memories have faded and documents which can no longer be located. The only excuse offered by the OAE for their delay was "turn over [sic] in their office personnel."

The respondent also raises an infirmity of proof defense. He disputes the finding of intentional misconduct and maintains that his conduct, at most, showed gross neglect. If the DRB determined that the RPC 8.4 (c) charge, and the RPC 1.15 charge as well, had not been abandoned, then the proper course for the DRB to have taken would have been to conduct a hearing on the contested facts. As such, the respondent claims that the DRB reached conclusions on a "barren" record.

Lastly, the respondent states that the imposition of reciprocal discipline would be unjust for a variety of reasons, e.g., the events complained of took place more than 10 years ago, the misconduct was an isolated event, the OAE's delay in prosecuting the matter deprived him of the opportunity to mount a defense, and at the time of the misconduct he was beset with family and personal problems. The respondent claims that at the age of 50 he is not easily employable and that the imposition of reciprocal discipline "will economically devastate [his] family and lead [them] into bankruptcy and foreclosure."

Based on the findings of the DRB and the arguments advanced by the respondent, reciprocal discipline is imposed on the respondent and he is suspended from the practice of law for a period of 18 months based upon the discipline imposed by the Supreme Court of New Jersey.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and DILLON, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Terrence P. Tormey, admitted as Terrence Patrick Tormey, is suspended from the practice of law for a period of 18 months commencing March 25, 2008, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than 6 months prior to the expiration of the said period of 18 months upon furnishing satisfactory proof that during the said period he (a) refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (c) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Terrence P. Tormey, admitted as Terrence Patrick Tormey, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Terrence P. Tormey, admitted as Terrence Patrick Tormey, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Terrence P. Tormey, admitted as Terrence Patrick Tormey, has been issued a secure pass by

the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).